UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW STEPHEN SANTORO, | § § § | |
| Claimant, | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-660 |
| | § | |
| COUNTY OF COLLIN, TEXAS, PLANO INDEPENDENT SCHOOL DISTRICT, BRIAN BINGGELI,380th JUDICIAL DISTRICT, JUDGE BENJAMIN N. SMITH, COLLIN COUNTY CONSTABLE'S OFFICE, SHANE WILLIAMS, COLLIN CENTRAL APPRAISAL DISTRICT, EUGENE "BO" DAFFIN, COLLIN COUNTY TAX ASSESSOR/COLLECTOR, KENNETH L. MAUN, COLLIN COUNTY CCD, NEIL MATKIN, DAVID McCALL. | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS PLANO INDEPENDENT SCHOOL DISTRICT'S AND BRIAN BINGELLI'S RULE 12(b)(6) MOTION TO DISMISS

Defendants Plano Independent School District ("PISD") and its former superintendent Brian Binggeli ("Binggeli") (collectively, "PISD Defendants"), file the following motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### I.
**Procedural History/Issues Presented/Summary of Argument**

1.1 According to the Complaint [Dkt. 1], the Plaintiff is Matthew Santoro, "a man who

lives on the land of Texas [in Collin County] and is endowed with unalienable Rights." Dkt. 1, ¶¶ 18, 19. The Defendants are various Collin County governmental entities and those entities' employees/representatives, including the PISD Defendants. PISD is a Texas public school district located in Collin County, Texas and Dr. Brian Binggeli was PISD's superintendent during a portion of the time period at issue. See Dkt. 1, ¶¶ 25, 32.

1.2 Briefly summarized, Plaintiff's Complaint alleges that the various Defendants, as a RICO enterprise, placed his real property located in Collin County, Texas on Collin County's tax rolls without authorization to do so and, as a result, the Defendants improperly assessed ad valorem taxes on this real property, improperly sued him for the delinquent taxes on this real property, and improperly foreclosed on and sold this real property at a court-ordered tax sale auction. See Dkt. 1, ¶¶44-132. Based on these allegations, the Complaint asserts the following causes of action against Defendants, including the PISD Defendants: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961, 1962 (c) and (d) [Dkt. 1, First-Third Claims, ¶¶178-198]; violation of civil rights pursuant to 42 U.S.C. §§1983, 1985 and 1986 [Fourth Claim, ¶¶199-203]; violation of the Eighth Amendment [Fifth Claim, ¶¶204-216]; violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code §§134.001-005 [Sixth Claim, ¶¶217-220]; fraud [Seventh Claim, ¶¶221-223]; conversion [Eighth Claim, ¶¶224-227]; intentional infliction of emotional distress [Ninth Claim, ¶228-230].

1.3 The PISD Defendants file the instant Rule 12(b)(6) motion asking the Court to dismiss all of the claims asserted against them in the Complaint. As will be detailed below, these claims should be dismissed under Rule 12(b)(6) because (1) the PISD Defendants' governmental immunity (as well as Plaintiff's election of remedies) bars Plaintiff's state law causes of action for

violation of the Texas Theft Liability Act, fraud, conversion, and intentional infliction of emotional distress; (2) Plaintiff has not made any factual allegations sufficient to state any viable claims against the PISD Defendants under any of the above state law causes of action; (3) Plaintiff has not made any factual allegations sufficient to state a viable claim against the PISD Defendants for any RICO violations or aiding and abetting any RICO violations; and (4) Plaintiff has not made any factual allegations sufficient to state a viable claim against the PISD Defendants for liability under 42 U.S.C. §§1983, 1985 or 1986.

## II.
## Motion to Dismiss - Argument

### A. Standard for Dismissal

2.1 A court has authority under Fed. R. Civ. P. 12(b)(6) to dismiss a cause of action for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Id.* A Rule 12 (b)(6) "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief..." *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citations omitted). Notably, "pro se litigants [like Plaintiff here] are still required to provide sufficient facts in support of their claims; mere conclusory allegations are insufficient." *Liu v. City of Allen*, 2018 U.S. Dist. Lexis 78180, *6 (E.D. Tex. 2018) (quoting *Reeves v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. Lexis 143859 (W.D. Tex. 2015)).

2.2  While detailed factual allegations are not required, plaintiffs must allege *facts* sufficient to "nudge[] their claims across the line from conceivable to plausible. ..." *Twombly*, 550 U.S. at 570. Stated another way, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"; "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.* at 555; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

2.3  After *Twombly* and *Iqbal*, " it is now abundantly clear that identifying only what law forms the basis of the complaint, without pleading facts indicating *how* a defendant violated that law, proves only a theoretical possibility that a cause of action *could* be stated against the defendant, not that plaintiff *did* state a cause of action." *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp.2d 967, 979 (E.D. Tex. 2010).

2.4  Importantly, Rule 12(b)(6) motions to dismiss are appropriate in RICO lawsuits when, like here, a plaintiff fails to properly plead facts to support a RICO violation. E.g., *Shannon v. Ham*, 369 Fed. Appx. 1001, 1002-04 (5th Cir. 2016) (affirming Rule 12(b)(6) motion dismissing the plaintiff's RICO claim); *St. Germain v. Howard*, 556 F.3d 261, 262-63 (5th Cir. 2009) (same); *Paselk v. Bayview Loan Servicing, LLC*, 2017 U.S. Dist. Lexis 159437, *7-11 (E.D. Tex. 2017) (granting Rule 12(b)6) motion and dismissing the plaintiff's RICO claim); *Gentry v. Hochheim Prairie Farm Mut. Ins. Ass'n*, 2017 U.S. Dist. Lexis 107809, *3-4 (E.D. Tex. 2017) (same). When making a RICO claim, "plaintiffs must plead specific facts, not mere conclusory allegations" and "a RICO plaintiff must plead the specified facts as to each defendant. It cannot... 'lump[ ] together the defendants.'" *Liu*, 2018 U.S. Dist. Lexis 78180 at *15; *Burgess v. U.S. Dep't of Educ.*, 2017 U.S. Dist. Lexis

94724, *35 (E.D. Tex. 2017); *Walker v. Beaumont Indep. Sch. Dist.*, 2016 U.S. Dist. Lexis 165358, *15 (E.D. Tex. 2016).

2.5     Moreover, Rule 12(b)(6) motions to dismiss are also appropriate in §1983, §1985 and §1986 lawsuits when, like here, a plaintiff fails to properly plead facts (as opposed to mere conclusions) supporting such claims. E.g., *Hernandez v. Kingsville ISD*, 2013 U.S. Dist. Lexis 152745 (S.D. Tex. 2013) (granting Rule 12(b)(6) motion and dismissing the plaintiff's §1983 claim); *Saenz v. Dallas Cnty. Cmty. College Dist.*, 2011 U.S. Dist. Lexis 52023 (N.D. Tex. 2011) (same); *Wallace v. Dallas Indep. Sch. Dist.*, 2000 U.S. Dist. Lexis 6533 (N.D. Tex. 2000) (same); *Johnson v. Dowd*, 305 Fed. Appx. 221 (5th Cir. 2008) (affirming Rule 12(b)(6) dismissal of plaintiff's §1985 claim); *McKinney FOP Lodge 107 v. City of McKinney,* 2016 U.S. Dist. Lexis 44808 (E.D. Tex. 2016) (granting Rule 12(b)(6) motion and dismissing plaintiff's §1985 claim); *Elmore v. McCammon*, 640 F. Supp. 905 (S.D. Tex. 1986) (same); *Vanderwall v. Peck*, 129 Fed. Appx. 89 (5th Cir. 2005) (affirming Rule 12(b)(6) dismissal of plaintiff's §1986 claim); *Bittakis v. City of El Paso*, 480 F. Supp.2d 895 (W.D. Tex. 2007) (granting Rule 12(b)(6) motion and dismissing plaintiff's §1986 claim). Here, as detailed below, Plaintiff's §§1983, 1985 and 1986 claims should be dismissed because the Complaint does not state plausible §§1983, 1985 and 1986 claims against the PISD Defendants. Critically, with respect to section 1983 liability, the Complaint does not allege any facts concerning any policy or custom by PISD's final policymaker (the Board of Trustees) that caused any infringement on any of the Plaintiff's constitutional or federal statutory rights, thereby warranting dismissal. *Id.* Relevant to the Complaint here, "[i]t is not sufficient for a plaintiff to allege, without elaboration, a policy or a custom and its relationship to the underlying constitutional violation; instead the plaintiff must plead specific facts. Allegations of an isolated incident are not

sufficient to show the existence of a custom or policy." *Basler v. Barron*, 2017 U.S. Dist. Lexis 15973, * 24 (S.D. Tex. 2017) (quoting Fifth Circuit cases). See also *Whitfield v. City of Ridgeland*, 2013 U.S. Dist. Lexis 176714, *26 (S.D. Miss. 2013) ("A plaintiff's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'") (quoting Fifth Circuit cases).

2.6  Additionally, relevant here, in analyzing a plaintiff's claims, when a successful affirmative defense (such as immunity) appears on the face of the pleadings, dismissal under Rule 12(b)(6) is appropriate. *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 274 (5th Cir. 2015); *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Newberry v. Champion*, 2017 U.S. Dist. Lexis 38729, *5-6, 10-12 (N.D. Miss. 2017); *Coffelt v. Davis*, 2016 U.S. Dist. Lexis 171904, *4-5, 12-13 (N.D. Tex. 2016).

**B. Immunity Bars Plaintiff's State Law Claims Against the PISD Defendants; Also, Plaintiff's Election of Remedies Bars Suit Against Binggeli**

**1.    Immunity bars Plaintiff's state law claims**

2.7  Plaintiff's Complaint sues the PISD Defendants for the following state law tort claims: violation of the Texas Theft Liability Act, fraud, conversion, and intentional infliction of emotional distress. Dkt. 1, Sixth-Ninth Claims (¶¶217-230). The PISD Defendants, however, have immunity from each of these claims on the face of the complaint.

2.8  PISD is a Texas public school district. Thus, absent a waiver effected by clear and unambigious language, PISD enjoys governmental immunity from both suit and liability. *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 694-96 (Tex. 2003); *Bonillas v. Harlandale Indep. Sch. Dist.*, 832 F. Supp.2d 729, 735 (W.D. Tex. 2011). Further, with respect to superintendent

Binggeli, "[t]rustees and agents of a school district, while acting in an official capacity, enjoy the same governmental immunity as does the school district. As long as an official acts within the scope of his employment, he cannot be held personally liable in a tort action..." *Bates v. Dallas ISD*, 952 S.W.2d 543, 551 (Tex. App. - Dallas 1997, writ denied).

2.9  With respect to the Plaintiff's state law tort claims, PISD's and Binggeli's immunity has only been waived in cases (unlike this one) involving the operation and use of motor vehicle. Tex. Civ. Prac. & Rem. Code §101.051; *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992); *Luna v. Harlingen Consol. Indep. Sch. Dist.*, 821 S.W.2d 442, 444 (Tex. App. - Corpus Christi 1991, writ denied).[1] Plaintiff's Complaint, however, makes no allegations involving the operation or use of a motor vehicle. See Dkt. 1. As such, the PISD Defendants' immunity from Plaintiff's state law tort claims appears on the face of the complaint. Dismissal of these state law claims is therefore appropriate for this reason.

2.10  Further, particularly relevant here, "there is no waiver of governmental immunity for tort claims arising from the collection or assessment of taxes." *Vick v. Floresville Indep. Sch. Dist.*, 505 S.W.3d 24, 30 (Tex. App. - San Antonio 2016, pet. denied) (citing Tex. Civ. Prac. & Rem. Code §101.055(1)); see also *City of Galveston v. State*, 217 S.W.3d 466, 470 n.23 (Tex. 2007); *Reed v. Prince*, 194 S.W.3d 101, 107 (Tex. App. - Texarkana 2006, pet. denied); *Skoda v. Montague County*,

---

[1] Importantly, "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims Act expressly does not waive immunity for intentional torts." *Lopez v. Serna*, 414 S.W.3d 890, 896 (Tex. App. - San Antonio 2013, no pet.); see also *Harvey v. Mayer*, 2018 Tex. App. Lexis 5480, *7-8 (Tex. App.- Corpus Christi 2018, no pet.) (holding same); *Robinson v. Mullens*, 2018 Tex. App. Lexis 1578, *4 (Tex. App. - Waco 2018, no pet.) (same); *Mason v. Wood*, 2013 Tex. App. Lexis 2692, *2-10 (Tex. App. - Beaumont 2013, no pet.) (same).

...

2010 Tex. App. Lexis 6411, *6-8 (Tex. App.- Fort Worth 2010, pet. denied). Dismissal of Plaintiff's state law claims under Rule 12(b)(6) is warranted for this additional reason.

### 2. Plaintiff's election of remedies also bars his state law claims against Binggeli

2.11 Plaintiff has brought the same state law tort claims against both PISD and its then-superintendent Dr. Binggeli. However, because he is alleged to have committed the wrongful conduct at issue in the general scope of his employment as the school district superintendent, Binggeli is entitled to dismissal of these claims against him pursuant to the election of remedies provisions of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §101.106 (a), (e) and (f). Briefly summarized, section 101.106(a) provides that the filing of tort claims against a governmental unit (PISD) constitutes an irrevocable election by the plaintiff and "immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit [Binggeli] regarding the same subject matter." In turn, section 101.106(e) then provides that if, like here, the same tort claims are filed against both the governmental unit (PISD) and its employee (Binggeli), the employee shall immediately be dismissed upon motion by the governmental unit - - this is that motion. See *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *Univ. of Tex. Health Sci. Ctr. v. Rios*, 542 S.W.3d 530, 532 (Tex. 2017). Moreover, section 101.106(f) protects employees of governmental units (Binggeli) from tort suits against them in their individual capacities that could have been brought under the Texas Tort Claims Act against the governmental unit (PISD). See *Robinson v. Mullens*, 2018 Tex. App. Lexis 1578, * 3-4 (Tex. App. - Waco 2018, no pet.). "In other words, a suit is completely foreclosed against a government employee when sued in this individual capacity if he is acting within the scope of his employment." *Harvey*, 2018 Tex. App. Lexis 5480 at *5 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011)). See also *Lopez*,

414 S.W.3d at 893-95. For all of these reasons, the election of remedies provisions of the Texas Tort Claims Act require dismissal of Plaintiff's state law tort claims against Dr. Binggeli individually.

### C. Plaintiff Has Not Stated Any Viable State Law Claims Against the PISD Defendants

2.12    Assuming, *arguendo,* that immunity (and election of remedies) is not a complete bar to Plaintiff's state law claims, these claims should still be dismissed because the Complaint does not allege facts sufficient to state a claim under these causes of action upon which relief can be granted against the PISD Defendants.

2.13    Important to this motion, the **only** allegations in the Complaint that refer to the PISD Defendants are:

> 25.   PLANO INDEPENDENT SCHOOL DISTRICT is a person in Collin County, Texas.
>
> 32.   BRIAN BINGGELI, who is being sued in his individual capacity, was/is an individual believed to reside in Collin County, and an officer/superintendent of the Plano ISD, Collin County, Texas.
>
> 88.   There is no proof of contract, commercial ownership by COLLIN COUNTY, or commercial assessment in the file in Cause No. 380-03417-2015, PLANO INDEPENDENT SCHOOL DISTRICT/COLLIN COUNTY/COLLIN COUNTY CCD vs. MATT S. SANTORO, et al.
>
> 90.   Each Defendant had to aid and abet the actions of the others or conspire with the other defendants in order for the enterprise to function.
>
> 94.   COLLIN [sic] INDEPENDENT SCHOOL DISTRICT rendered or caused to be rendered Claimant's non-commercial property for taxation.
>
> 95.   COLLIN [sic] ISD Supervisor BRIAN BINGGELI knew or should have known my non-commerical property was listed on the property tax rolls.

99. COUNTY OF COLLIN, TEXAS and COLLIN [sic] INDEPENDENT SCHOOL DISTRICT sued Claimant for delinquent property taxes in the amount of $34,867.57.

118. Brian Binggeli and Neil Matkin, acting in their personal capacities as taxing units, agreed that any property was a taxable situs and caused my property to be placed on the tax rolls.

128. Each actor played their part in the taking of Claimant's property.

129. Each actor acted without authority and outside the jurisdiction of the law.

Dkt. 1, ¶¶ 25, 32, 88, 90, 94, 95, 99, 118, 128, 129. There are **no** other allegations that mention or otherwise refer to the PISD Defendants; rather, **all** of the other allegations in the Complaint are mere conclusory allegations, labels and/or formulaic recitations of the elements of the various claims. See Dkt. 1.

2.14 The allegations in the Complaint, on the face of the pleading, are wholly insufficient to state a claim for relief against the PISD Defendants under any of the following state law causes of action: Texas Theft Liability Act, fraud, conversion, and intentional infliction of emotional distress. See, e.g., Tex. Civ. Prac. & Rem. Code §§ 134.001-134.005 (elements under the Theft Liability Act); *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2007) (elements for intention infliction of emotional distress); *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011) (elements for fraud); *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App. - Dallas 2014, pet. denied) (elements for conversion). Accordingly, dismissal of each of these claims is proper under Rule 12(b)(6).[2]

---

[2] Dismissal of Plaintiff's claim under the Texas Theft Liability Act results in a mandatory award of reasonable and necessary attorneys' fees to the PISD Defendants. Tex. Civ. Prac. & Rem. Code §134.005(b); *River Oaks L-M, Inc. v. Vinton-Duarte*, 469 S.W.3d 213, 242 (Tex. App. -

**D. Plaintiff Has Not Stated a Viable Claim for RICO Violations or Aiding and Abetting RICO Violations Against the PISD Defendants**

2.15    Based on his allegation that the foreclosure of his real property for delinquent ad valorem taxes was illegal, Plaintiff has sued the PISD Defendants for alleged RICO violations and conspiracy to commit RICO violations. Dkt. 1, ¶¶ 35, 45-52, 133-198. However, Plaintiff's RICO claims are completely without substance or merit, and should be dismissed pursuant to Rule 12(b)(6) for several reasons.

2.16    First, the Fifth Circuit has determined that public school districts such as PISD are not proper RICO defendants. *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 411-12 (5th Cir. 2015); see also *Walker*, 2016 U.S. Dist. Lexis 165358 at *12-13.

2.17    Next, the Complaint does not allege any of the RICO predicate acts listed in 18 U.S.C.§1961(1). See Dkt. 1. This is a fatal pleading deficiency and requires dismissal, since "section 1961(1) provides the **exclusive** list of the acts that constitute RICO predicate acts." *Walker*, 2016 U.S. Dist. Lexis 165358 at *17 (emphasis ours); see also *Zastrow v. Houston Auto Imps. Greenway, Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015) ("'Racketeering activity' means any of the predicate acts specified in §1961(1)."); *St. Germain*, 556 F.3d at 263 ("Because Appellants have not alleged the requisite predicate criminal acts under RICO, they have not met the pleading standard of Rule 12(b)(6).").

2.18    In addition, there are no factual allegations in the Complaint that the foreclosure of Plaintiff's real property in Collin County for the failure to pay taxes in Collin County satisfies the

---

Houston [14th Dist.] 2015, no pet.). The amount of the PISD Defendant's reasonable and necessary attorneys' fees will be submitted to the Court by separate submission upon request.

element that the alleged RICO enterprise affected interstate or foreign commerce. See *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 636 (5th Cir. 2016) (requiring interstate/foreign commerce element); *United States v. Smith*, 547 Fed. Appx. 390, 395 (5th Cir. 2013) (same).

2.19 Finally, the Complaint, other than making formulaic conclusions, fails to allege any specific actions on the part of the PISD Defendants which would support liability under RICO sections 1962 (c) or (d). See, e.g., *Liu,* 2018 U.S. Dist. Lexis 78180 at *14-16; *Burgess,* 2017 U.S. Dist. Lexis 94724 at *34-35.[3]

2.20 Dismissal of Plaintiff's RICO claims against the PISD Defendants is proper for all of the above reasons.

### E. Plaintiff Has Not Stated a Viable Claim for Section 1983, 1985 or 1986 Liability Against the PISD Defendants

2.21 The Fourth Claim and Fifth Claim for Relief in the Complaint allege causes of action under 42 U.S.C. §§ 1983, 1985 and 1986 for alleged violations of Plaintiff's rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. Dkt. 1, ¶¶ 199-216. For the reasons below, these claims should be dismissed pursuant to Rule 12(b)(6).

### 1. Plaintiff has not alleged Section 1983 liability

2.22 Title 42 U.S.C. §1983 creates a private cause of action for violations of federal constitutional rights perpetrated by any person acting under color of state law. Notably, although the Complaint complains at great length about the Defendants' alleged noncompliance with Texas

---

[3] "Courts in the Fifth Circuit have found dismissal of RICO claims appropriate where those claims amount only to fantastic or delusional tales of conspiracy." *Burgess*, 2017 U.S. Dist. Lexis 94724 at *32.

state law, "state law violations do not form the basis of §1983 liability." *Burkett v. City of El Paso*, 513 F. Supp.2d 800, 812 (W.D. Tex. 2007) (citing *Fields v. City of South Houston*, 922 F.2d 1183, 1189-91 (5th Cir. 1991)).

2.23   "An entity such as a school district may be held liable under § 1983 only when the entity itself causes a constitutional deprivation." *Saldana v. Angleton Indep. Sch. Dist.*, 2017 U.S. Dist. Lexis 26788, *10 (S.D. Tex. 2017) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989) and *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Liability "requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." *Strange v. Mansfield Indep. Sch. Dist.*, 2018 U.S. Dist. Lexis 139797, *17 (N.D. Tex. 2018). Further, a §1983 claim must "clearly [identify] the constitutional or statutory predicate." *Hooker v. Dallas Indep. Sch. Dist.*, 2010 U.S. Dist. Lexis 108886, *28 (N.D. Tex. 2010). "Governmental organizations cannot be held liable for the actions of their employees under a theory of respondeat superior. School district liability under '§ 1983 requires proof that the [actionable behavior] was the result of the school district's official policy, custom, or practice.'" *Doe v. Dixon*, 2015 U.S. Dist. Lexis 16729, *11 (W.D. Tex. 2015) (quoting *A.W. v. Humble Independent School Dist.*, 25 F.Supp.3d 973, 999 (S.D. Tex. 2013)). In Texas, the final policymaker of a public school district like PISD is the district's Board of Trustees. *Hill v. Silsbee Indep. Sch. Dist.*, 933 F. Supp. 616, 622 (E.D. Tex. 1996). *See* Tex. Educ. Code §§ 11.051, 11.151, 11.1511, and 11.1512.

2.24   In light of the above standards, "[i]n order to meet the Rule 12(b)(6) standard with respect to [school district] liability, [Plaintiff] must allege: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a

constitutional violation whose 'moving force' is that policy or custom.'" *Hostetter v. Gillock*, 2017 U.S. Dist. Lexis 84954, *20 (N.D. Tex. 2017) (quoting Fifth Circuit cases). In *Hostetter*, the court granted the city's Rule 12(b)(6) motion because "[plaintiff's] claims fail at the onset of the *Monell* analysis because [plaintiff] has not identified an 'official custom or policy' with specific facts showing the existence of such a custom.... [Plaintiff] does not specifically allege an 'actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority' or 'a persistent, widespread practice of City officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at *20-21. The same is true here - - Plaintiff has failed to allege and identify, with specific facts, any "official custom or policy" of the PISD Board of Trustees of the constitutional violations at issue here.[4] Rather than allege facts specific to the PISD Defendants, the Complaint instead only makes formulaic conclusions about §1983 liability. See Dkt. 1. Dismissal of Plaintiff's §1983 claim is therefore proper. *Id.*; see also *Hayden v. City of Fort Worth*, 2017 U.S. Dist. Lexis 146084 (N.D. Tex. 2017) (granting Rule 12(b)(6) motion dismissing §1983 claim for insufficient custom, practice or policymaker allegations); *Peterson v. City of Duncanville*, 2016 U.S. Dist. Lexis 113929 (N.D. Tex. 2016) (same); cases cited in ¶2.5, *supra*. Moreover, the Complaint alleges no facts that could potentially subject Dr. Binggeli to individual liability under §1983. See Dkt. 1.

---

[4] "A mere allegation that a custom or policy exists, without any factual assertions to support such a claim, is no more than a formulaic recitation of the elements of a §1983 claim and is insufficient to state a claim for relief." *Pinedo v. City of Dallas*, 2015 U.S. Dist. Lexis 5272, *16-17 (N.D. Tex. 2015).

2.25  In addition to the above, the Complaint appears to assert as a separate claim Plaintiff's allegation that Defendants acted against him "in violation of the Excessive Fines Clause of the Eighth Amendment" (which must procedurally be brought under 42 U.S.C. §1983). Dkt. 1, ¶¶ 204-216 (Fifth Claim for Relief). However, the sale of Plaintiff's real property to satisfy delinquent ad valorem taxes is not a "punishment" subject to the Eighth Amendment but, rather, is a remedial device related to the government's fundamental interest in raising and collecting revenue. See, e.g., *Austin v. United States*, 509 U.S. 602, 606-610 (1993); *Kitt v. United States*, 277 F.3d 1330, 1335-36 (Fed. Cir. 2002); *Little v. C.I.R.*, 106 F.3d 1445, 1454-55 (9th Cir. 1997); *Sanders v. Szubin*, 828 F. Supp. 2d 542, 552-54 (E.D.N.Y. 2011). Dismissal of Plaintiff's fifth claim for relief based on the Eighth Amendment is warranted for this additional reason.

### 2. Plaintiff has not alleged Section 1985 liability

2.26  Without any elaboration, the Complaint appears to assert a claim under 42 U.S.C. §1985. See Dkt. 1, p. 23, Fourth Claim for Relief heading. There are three subsections to §1985; however, subsections (1) and (2) are clearly not applicable to the facts alleged. Regarding subsection (3), the Fifth Circuit has unequivocally held that to state a claim under §1985(3) a plaintiff must specifically plead a racially based discriminatory animus. *Johnson v. Dowd*, 305 Fed. Appx. 221, 224 (5th Cir. 2008); *Rayborn v. Miss. State Bd. of Dental Examiners*, 776 F.2d 530, 532 (5th Cir. 1985); see also *McKinney FOP Lodge* 107, 2016 U.S. Dist. Lexis 44808 at *6-8. Here, the Complaint is entirely devoid of any such race based allegations. See Dkt. 1. Dismissal of Plaintiff's §1985 claim is therefore proper.

3.     **Plaintiff has not alleged Section 1986 liability**

2.27   Also without elaboration, the Complaint appears to assert a claim under 42 U.S.C. §1986. See Dkt. 1, p. 23, Fourth Claim for Relief heading. However, any such claim must be dismissed for at least two reasons.

2.28   First, a claim under §1986 is entirely dependent on the plaintiff's prevailing under his §1985 claim. *Vanderwall,* 129 Fed. Appx. at 91; *Weakley v. Sec. State Bank,* 1994 U.S. App. Lexis 41774, *3 (5th Cir. 1994); *Bittakis,* 480 F.Supp.2d at 920. Here, as detailed above, Plaintiff cannot prevail on his §1985 claim - - there are no allegations of a racial animus. As such, his §1986 claim must also be dismissed. *Id.*

2.29   In addition, §1986 claims are subject to a one year statute of limitations. 42 U.S.C. §1986; *Mitchell v. Cresent River Port Pilots Ass'n,* 265 Fed. Appx. 363, 367 n.3 (5th Cir. 2008). Here, Plaintiff's cause of action accrued, at the latest, on February 20, 2017. See Dkt. 1, ¶¶ 103-105, 161-164, 183. However, this lawsuit was not filed until September 17, 2018 - - more than a year after Plaintiff's alleged claims had accrued. Dismissal of Plaintiff's §1986 claim based on limitations is therefore warranted.

4.     **The *Rooker-Feldman* doctrine bars Plaintiff's constitutional/civil rights claims**

2.30   All of Plaintiff's claims in the Complaint, including his claims that his constitutional/civil rights were violated, contest the judicial foreclosure and sale of his real property for delinquent ad valorem taxes - - a foreclosure that was the result of a final state court judgment entered by the 380th state district court. See Dkt. 1, ¶¶ 28, 88-132, 137-138, 149, 161-166, 183.

However, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review state court judgments when the constitutional claims are "inextricably intertwined" with the challenged state court judgment. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 350 (5th Cir. 2003). "A claim is 'inextricably intertwined' with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. [ ]Thus, the Fifth Circuit has long held that a plaintiff cannot circumvent the *Rooker-Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action." *Evans v. Williamson Cnty. Gov't*, 2015 U.S. Dist. Lexis 100270, *11-12 (W.D. Tex. 2015) (internal citations omitted); see also *Champagne v. Bank of Am., N.A.*, 2012 U.S. Dist. Lexis 31054, *6 (E.D. La. 2012) ("The Fifth Circuit has held that 'litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.'") (citing and quoting cases). See also *Pease v. First Nat'l Bank*, 335 Fed. Appx. 412, 415 (5th Cir. 2009); *Wylie v. Bank of N.Y. Mellon*, 856 F. Supp.2d 837, 840-45 (E.D. La. 2012). Here, Plaintiff's constitutional claims alleged in this suit are undeniably "inextricably intertwined" with the state district court's final judgment in the tax delinquency lawsuit. Thus, the *Rooker-Feldman* doctrine applies and this Court lacks jurisdiction over Plaintiff's federal causes of action that attempt to collaterally attack the state court's judgment.

2.31 As interpreted by the Fifth Circuit, the *Rooker-Feldman* doctrine mandates this Court's dismissal of Plaintiff's §§1983, 1985 and 1986 claims, as well as his RICO claims, pursuant to Rule 12(b)(6).

## III.
## Conclusion And Prayer

3.1 For the reasons above, the PISD Defendants ask the Court to dismiss all of the claims asserted against the PISD Defendants in the Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted. The PISD Defendants also request such further relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

ABERNATHY, ROEDER, BOYD & HULLETT, P.C.

*/s/ Charles J. Crawford*
**Charles J. Crawford**
State Bar No. 05018900
**Richard M. Abernathy**
State Bar No. 00809500
Redbud Blvd., Suite 300
McKinney, TX 75070
(Ph) 214-544-4000
(Fx) 214-544-4040
**Attorneys for Plano ISD and Brian Binggeli**
ccrawford@abernathy-law.com
rabernathy@abernathy-law.com

## CERTIFICATE OF SERVICE

I certify that on October 8, 2018 a true and correct copy of foregoing was served on Plaintiff, pro se, by certified mail #9590 9266 9904 2967 0618 01 at 441 Shiloh Drive, Lucas, Texas 75002.

*/s/ Richard M. Abernathy*
**Richard M. Abernathy**