IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW STEPHEN SANTORO, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-CV-00660-ALM-CAN |
| v. | § § | |
| COUNTY OF COLLIN, ET AL., | § § | |
| Defendants. | § § | |

**ORDER**

Pending before the Court are Defendants Plano Independent School District ("PISD") and Brian Bingelli's Rule 12(b)(6) Motion to Dismiss [Dkt. 12] and Defendants Collin County Central Appraisal District ("CCAD") and Eugene "Bo" Daffin's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) [Dkt. 14]. Defendants PISD and Bingelli's Rule 12(b)(6) Motion to Dismiss requests dismissal of Plaintiff's claims, specifically on the bases that: (1) Plaintiff's claims against PISD are barred by immunity; (2) Plaintiff's election of remedies bars suit against Bingelli; (3) Plaintiff's allegations fail to state a viable state law, RICO, §§ 1983, 1985, or 1986 claim against these defendants; and (4) Plaintiff's constitutional/civil rights claims are barred by the *Rooker-Feldman* doctrine. Defendants CCAD and Daffin's Rules 12(b)(1) and 12(b)(6) Motion to Dismiss requests dismissal of Plaintiff's claims on the bases that: (1) Plaintiff's claims against CCAD and Daffin are barred by immunity; and (2) Plaintiff's allegations fail to state a viable claim against these defendants. Alternatively, Defendants CCAD and Daffin request that Plaintiff be required to provide a more definite statement of his claims.

A motion for more definite statement is proper when a complaint is so vague that a defendant cannot frame a responsive pleading. *Sisk v. Texas Parks & Wildlife*, 644 F.2d 1056, 1059 (5th Cir. 1981). Indeed, Federal Rule of Civil Procedure 12(e) specifically allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R. Civ. P. 12(e). A complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends…[and] a short and plain statement of the claim showing that the pleader is entitled to relief. . . [as well as] a demand for the relief sought." Fed. R. Civ. P. 8(a). Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. *Satterwhite v. Texas Custom Pools, Inc.*, 2013 WL 5701376 (E.D. Tex. October 18, 2013) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

Having substantively reviewed Plaintiff's Complaint, Defendants' Motions, and all other relevant filings, the Court concludes that Defendants CCAD and Daffin's request for a more definite statement should be granted, and Plaintiff should be provided an opportunity to file an amended complaint to more fully address Plaintiff's alleged pleading deficiencies and the immunity and other defenses asserted.

The Court will permit Plaintiff to evaluate Defendants' Motions and to file an amended complaint to allow Plaintiff a fair opportunity to state his case and to replead his claims with more specificity. *See, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

It is therefore **ORDERED** that Plaintiff shall file an Amended Complaint on or before November 16, 2018, setting forth:

(1) The specific claims asserted against each Defendant; and

(2) The factual allegations regarding each Defendant for each claim asserted.

It is further **ORDERED** that Defendants Plano Independent School District ("PISD") and Brian Bingelli's Rule 12(b)(6) Motion to Dismiss [Dkt. 12] and Defendants Collin County Central Appraisal District ("CCAD") and Eugene "Bo" Daffin's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) [Dkt. 14] are each hereby **DENIED** without prejudice, as moot, and subject to reconsideration.[1]

**IT IS SO ORDERED**.
**SIGNED this 16th day of October, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[1] *Cayton v. Peterbilt Mfg.*, 4:16-CV-843, 2017 WL 4238004, at *1 (E.D. Tex. Sept. 25, 2017), *on reconsideration*, 4:16-CV-843, 2017 WL 5905255 (E.D. Tex. Nov. 30, 2017) ("The Court's general practice, when allowing a plaintiff to replead, is to deny the motion to dismiss as moot subject to reconsideration if no amended complaint is filed.").