# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MATTHEW STEPHEN SANTORO § | |
| § | Civil Action No. 4:18-CV-660 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| COUNTY OF COLLIN, TEXAS, ET AL. § | |

## MEMORANDUM ADOPTING REPORTS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 16, 2019, individual reports of the Magistrate Judge (Dkts. #95; #96; #97; #98) were entered containing proposed findings of fact and recommendations that each of Defendants Collin County Constable Shane Williams, Tax Assessor-Collector Kenneth L. Maun, and County Judge Keith Self's First Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #44), Defendants Collin Central Appraisal District and Eugene "Bo" Daffin's (collectively, the "CCAD Defendants") Renewed Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6) (Dkt. #45), Defendants Judge Benjamin N. Smith and the 380th Judicial District Court's (collectively, "Judicial Defendants") Amended Motion to Dismiss (Dkt. #47), and Defendants Plano Independent School District, Brian Binggeli, Collin College, Neil Matkin, and David McCall's Re-urged and Supplemental Rule 12(b)(6) Motions to Dismiss (Dkt. #48) be granted. Having received the reports of the Magistrate Judge, having considered Plaintiff Matthew Stephen Santoro's (omnibus) Objections to "Docket Numbers 95, 96, 97, & 98" (Dkt. #104), Defendants' Responses (Dkts. #105; #106; #107), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's reports should be adopted.

## RELEVANT BACKGROUND

On September 17, 2018, Plaintiff filed the instant lawsuit (Dkt. #1) and subsequently filed an "Addendum to Original Petition" on October 16, 2018 (Dkt. #41). Plaintiff alleges that Defendants, acting as a RICO enterprise and/or in a conspiracy, placed his real property on Collin County's tax rolls without authorization, and thereafter, improperly assessed unauthorized ad valorem taxes on the property, which Plaintiff refused (and continues to refuse) to pay, improperly sued him for the delinquent taxes, and after obtaining a judgment, improperly foreclosed on and sold the Property at a tax sale action pursuant to the state court order. Plaintiff posits that his case "is a civil action seeking damages for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq. ("RICO"), § 1964(c), RICO's civil damage provision, 42 U.S.C. § 1983 et. seq. [], and State of Texas statutory causes of action for violations of the Texas Theft Liability Act (Texas Civil Practice & Remedies Code Chapter 110, and common law causes of action for fraud, conversion, and intentional infliction of emotional distress" (Dkt. #1 at p. 4) and further claims that Defendants violated his 8th Amendment rights and interfered with his religious freedoms (Dkt. #41).

Through their respective Motions to Dismiss, Defendants assert that Plaintiff's claims should be dismissed, in their entirety, pursuant to the *Rooker-Feldman* doctrine, various immunities—including governmental immunity, quasi-judicial immunity, judicial immunity, qualified immunity, and official immunity—and for failure to state a claim pursuant to Rule 12(b)(6) (Dkts. #44; #45; #47; #48). On August 16, 2019, the Magistrate Judge entered a separate report as to each of Defendants' pending motions to dismiss, recommending Plaintiff's claims be dismissed as to each of the moving Defendants (Dkts. #95; #96; #97; #98). The Magistrate Judge, respectively recommended, that:

(1) Defendants Judge Benjamin N. Smith and the 380th Judicial district Court's Amended Motion to Dismiss be granted and Plaintiff's claims be dismissed without prejudice (Dkt. #95 at p. 17);

(2) The CCAD Defendants' Renewed Motion to Dismiss Under Federal Rules 12(b)(1) and 12(b)(6) be granted, Plaintiff's claims against the CCAD Defendants which are precluded by governmental immunity be dismissed without prejudice, and Plaintiff's remaining claims be dismissed with prejudice (Dkt. #96 at pp. 14–15);

(3) Defendants Collin County Constable Shane Williams, Tax Assessor-Collector Kenneth Maun, and Keith Self's First Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted and Plaintiff's claims be dismissed without prejudice (Dkt. #97 at p. 16); and

(4) Defendants Plano Independent School District, Brian Binggeli, Collin College, Neil Matkin, and David McCall's Re-Urged and Supplemental Rule 12(b)(6) Motions to Dismiss be granted and Plaintiff's claims be dismissed without prejudice (Dkt. #98 at p. 25).

Plaintiff filed an omnibus objection to the Magistrate Judge's reports on September 12, 2019 (Dkt. #104). Defendants filed their respective responses thereafter (Dkts. #105; #106; #107).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. Moreover, the District Court need not consider frivolous, conclusory, or general objections.

*Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff does not specify in his objections those findings in the reports to which he objects (Dkt. #104). Instead, Plaintiff broadly asserts that "the Court is presented with evidence of adjudicated facts and conclusions of law that requires this Court to deny the motions to dismiss filed by attorneys for Defendants" (Dkt. #104 at p. 4). Specifically, Plaintiff contends that statements of counsel and their briefs are not evidence or facts before the Court, that Plaintiff has standing to pursue his claims, and "adjudication from the bench is not due process of law" (Dkt. #104). Plaintiff has not alleged any error with any of the findings in the Magistrate Judge's reports; indeed, each of Defendants, in their responses, contend that Plaintiff fails to point out with particularity how, if even at all, the Magistrate Judge was incorrect in her assessment of Plaintiff's suit (Dkts. #105 at p. 2; #106 at p. 1; #107 at p. 3). Upon review, none of Plaintiff's "objections" have any bearing on, or relevance to, the reasons for dismissal of his claims, namely that:

(1) Plaintiff's claims against the Judicial Defendants are barred by the *Rooker-Feldman* doctrine (Dkt. #95 at pp. 11–12);

(2) Plaintiff's state law tort claims against the Judicial Defendants are barred by governmental immunity (Dkt. #95 at p. 13);

(3) Plaintiff's claims against Defendant Judge Smith are barred by judicial immunity (Dkt. #95 at p. 17);

(4) Plaintiff's claims against the 380th Judicial District Court should be dismissed as the 380th Judicial District Court is a non-jural entity that cannot be subject to suit (Dkt. #95 at p. 17);

(5) Plaintiff's state law tort claims against the CCAD Defendants are barred by governmental immunity (Dkt. #96 at p. 8);

(6) Plaintiff's claims for RICO violations against the CCAD Defendants do not allege the requisite predicate criminal acts under RICO to meet the pleading standards of Rule 12(b)(6) and should therefore be dismissed (Dkt. #96 at p. 10);

(7) Plaintiff's claims pursuant to section 1983 should be dismissed because the

4

Property at issue is located within the boundaries and taxing jurisdiction of Collin County and Plano ISD (Dkt. #96 at pp. 12–13);

(8) Plaintiff's claims against the CCAD Defendants pursuant to the Texas Religious Freedom Restoration Act ("TRFRA") should be dismissed for failure to articulate how any of the Defendants' actions in enforcing ad valorem taxes against the Property is a substantial burden on Plaintiff's religious exercise (Dkt. #96 at pp. 13–14);

(9) Plaintiff's claims against Defendants Williams, Maun, and Judge Self are barred by the *Rooker-Feldman* doctrine (Dkt. #97 at p. 12);

(10) Defendant Judge Self should be dismissed pursuant to Rule 12(b)(6) as Plaintiff failed to plead how Defendant Judge Self was involved in the facts forming the basis of his suit (Dkt. #97 at pp. 13–14);

(11) Plaintiff's claims against Defendant Williams are barred by quasi-judicial immunity (Dkt. #97 at p. 15);

(12) Plaintiff's claims against Defendants Plano ISD, Binggeli, Collin College, Matkin, and McCall are barred by the *Rooker-Feldman* doctrine (Dkt. #98 at pp. 12–13);

(13) Plaintiff's state law tort claims against Defendants Plano ISD, Binggeli, Collin College, and Matkin are barred by governmental immunity (Dkt. #98 at pp. 13–15);

(14) Plaintiff's RICO claims against Defendants Plano ISD and Collin College should be dismissed as neither Defendant is a proper RICO defendant (Dkt. #98 at p. 16);

(15) Plaintiff has not alleged the requisite predicate *criminal* acts under RICO to maintain a claim against Defendants Binggeli, Matkin, or McCall (Dkt. #98 at pp. 16–19);

(16) Plaintiff's claims pursuant to section 1983 should be dismissed because Defendants Plano ISD and Collin College cannot be held vicariously liable for the conduct of their employees and Plaintiff fails to identify any specific policy or custom adopted by Plano ISD or Collin College that caused harm to Plaintiff (Dkt. #98 at pp. 19–21);

(17) Plaintiff's claims pursuant to section 1983 against Defendants Binggeli, Matkin, and McCall should be dismissed as the sale of Plaintiff's Property to satisfy delinquent ad valormen taxes is not a punishment subject to the Eighth Amendment (Dkt. #98 at pp. 21–22);

(18) Plaintiff's TRFRA claims against Defendants Plano ISD, Collin College, Matkin, and Binggeli are barred by governmental immunity as Plaintiff did not comply with pre-suit notice requirements (Dkt. #98 at pp. 23–24); and

(19) Defendant McCall should be dismissed pursuant to Rule 12(b)(6) as Plaintiff failed

to plead how Defendant McCall was involved in the facts forming the basis of his suit (Dkt. #98 at pp. 24–25).

Furthermore, nothing in the Magistrate Judge's reports indicates that Defendants' pleadings were treated as evidence, nor was lack of standing the basis for the recommendations for dismissal. To the extent Plaintiff alleges that he is de facto entitled to a trial by jury and that the Magistrate Judge's reports are an adjudication from the bench in violation of his due process rights (Dkt. #104 at p. 4), such objection is meritless. Plaintiff's claims were recommended for dismissal—and upon consideration by the undersigned are herein properly dismissed—pursuant to the Federal Rules Civil Procedure. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #104), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's reports (Dkt. #95; #96; #97; #98) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants Collin County Constable Shane Williams, Tax Assessor-Collector Kenneth L. Maun, and County Judge Keith Self's First Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #44), Defendants Collin Central Appraisal District and Eugene "Bo" Daffin's Renewed Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6) (Dkt. #45), Defendants Judge Benjamin N. Smith and the 380th Judicial District Court's Amended Motion to Dismiss (Dkt. #47), and Defendants Plano Independent School District, Brian Binggeli, Collin College, Neil Matkin, and David McCall's Re-urged and Supplemental Rule 12(b)(6) Motions to Dismiss (Dkt. #48) are each **GRANTED**. Plaintiff's claims against Defendants Judge Benjamin N. Smith, the 380th Judicial District Court, Collin County Constable Shane Williams, Tax Assessor-Collector Kenneth Maun, Judge Keith Self (and also the County of Collin, the Collin County Constable's Office, and the Collin County Tax Assessor/Collector),

Plano ISD, Brian Binggeli, Collin College, Neil Matkin, David McCall, and the state law tort claims against Defendants Collin County Appraisal District and Eugene "Bo" Daffin's are hereby **DISMISSED WITHOUT PREJUDICE** and Plaintiff's RICO, section 1983, and TRFRA claims as asserted against Defendants Collin County Appraisal District and Eugene "Bo" Daffin's are hereby **DISMISSED WITH PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE